Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50040 | DATE | 12/13/2004 |
| CASE TITLE | DeLuna vs. City of Rockford | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies plaintiff's motion for partial summary judgment, grants defendants' motion for summary judgment, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | 12-14-04 date docketed | |
| | Notified counsel by telephone. | | | 40 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 12-13-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Martha De Luna, individually and on behalf of her minor children, filed this action pursuant to 42 U.S.C. § 1983 and Illinois law, alleging a Fourth Amendment violation based on the shooting death of her husband, a wrongful death claim based on the shooting, a Fourth Amendment violation based on the interview of her and her daughter at the police station following the shooting, and a First Amendment violation based on interference with her access to the courts. All defendants have moved for summary judgment on all claims. Plaintiff has moved for partial summary judgment as to the claim arising out of the interview of her and her daughter.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Scott v. Edinburg, 346 F. 3d 752, 755 (7th Cir. 2003). In evaluating whether a genuine issue of material fact exists, all evidence and inferences must be viewed in the light most favorable to the nonmoving party. Scott, 346 F. 3d at 755. The nonmoving party, however, must set forth specific facts, more than mere conclusions and allegations, sufficient to raise a genuine issue for trial; the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Scott, 346 F. 3d at 755.

The court will first address the excessive force claim under the Fourth Amendment and the related wrongful death claim under Illinois law. A police officer's use of deadly force constitutes a seizure under the Fourth Amendment and, therefore, must be reasonable. Scott, 346 F. 3d at 755. The issue of whether an intentional use of deadly force by a police officer is permissible requires an objective reasonableness inquiry involving an assessment of the totality of the circumstances surrounding the encounter. Scott, 346 F. 3d at 756. The particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Scott, 346 F. 3d at 756. The reasonableness calculation must embody allowance for the fact that police officers are often forced to make split-second judgments about the use of force under circumstances that are tense, uncertain, and rapidly evolving. Scott, 346 F. 3d at 756. Thus, when an officer believes that a person's actions place him or those in the immediate vicinity in imminent danger of death or serious bodily injury, he can reasonably exercise the use of deadly force. Scott, 346 F. 3d at 756.

In the present case, the totality of the circumstances support the use of force as a matter of law. Peraza responded to a 911 call related to a domestic disturbance involving a suspect who he knew to have battered plaintiff before, that he knew had possessed firearms in the past, that acted violently in police custody before, and had been attempting to gain entry into plaintiff's home where children were also present. Upon encountering the suspect, Peraza was alone (a matter that will be discussed further) in an area of which he was unfamiliar. Despite repeated commands at gun point to put his hands up, the suspect kept his hands out to the side. The suspect also refused multiple commands to stop and, instead, kept walking toward Peraza, again, despite a weapon being pointed at him. Additionally, it is undisputed that the suspect told Peraza he had something for him and that Peraza would have to kill him. The suspect even invited Peraza to shoot him. As Peraza continued to back up (something he was not obligated to do), he lost his footing and started to fall backward. At that point, the suspect, who had placed his right hand behind his back, removed his right hand from behind him and lunged at Peraza from a distance of only six to eight feet. This is undisputed as plaintiff could not see either Peraza or the suspect at this critical point. Peraza fired his weapon once, striking the suspect and stopping his advance.

This is a situation that, unfortunately, called for the use of deadly force under circumstances that required a split-second decision by Peraza to protect himself from serious bodily injury or death at the hands of the suspect, either from the use of a concealed weapon or from Peraza's own service weapon. Peraza's decision constituted an entirely reasonable use of deadly force and did not violate the Fourth Amendment.

The court also rejects plaintiff's effort to turn the situation into an unreasonable use of force because of Peraza's decision to encounter the suspect without first waiting for back up to arrive. Peraza acted reasonably as a matter of law in exiting his squad car and investigating the situation under these circumstances. Considering what he knew about the suspect and his prior instances of abuse of plaintiff and the fact that there were children in the home justified his decision to investigate rather than wait.

This is the type of situation that police officers find themselves in because of their obligation to protect citizens such as plaintiff from violent individuals such as the suspect. Had the officer hesitated and the suspect harmed plaintiff or one of the other occupants of the home, there would have been a different tragedy and this lawsuit may well have a different focus. Under the very difficult circumstances that confronted the officer that night, he acted reasonably and is entitled to summary judgment as to the Fourth Amendment claim of excessive force. The same can be said for the wrongful death claim under Illinois law. See Muhammed v. City of Chicago, 316 F. 3d 680, 683 (7th Cir. 2002).

Plaintiff next claim is that she and her daughter were unlawfully seized when they were transported to the police station and interviewed subsequent to the shooting. To state a Fourth Amendment violation, a plaintiff must show that she was seized and that the seizure was unreasonable. White v. City of Markham, 310 F. 3d 989, 993 (7th Cir. 2002). A person is seized only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that she was not free to leave. White, 310 F. 3d at 993. Alternatively, a seizure depends on whether a reasonable person would feel free to decline the officer's request or otherwise terminate the encounter. White, 310 F. 3d at 994. A number of factors have been identified that might suggest a seizure has occurred, including: the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person, or the use of language or tone of voice indicating that compliance might be compelled. White, 310 F. 3d at 994.

In this case, no seizure occurred as a matter of law under either approach. The undisputed evidence shows that neither plaintiff nor her daughter were compelled in any way to go to the police station or to be interviewed and that neither one of them objected in any way. While plaintiff makes much of the decision to take her and her daughter to the police station, that alone does not create a seizure absent some evidence of coercion. It seems completely reasonable for the police to have removed plaintiff and her daughter from the home prior to interviewing them considering it was a potential crime scene, was the subject of an internal investigation, and was the location where their loved one had been shot. Considering the time of night, the police station seems a logical alternative. There is simply no evidence that plaintiff or her daughter did not feel free to decline the request to travel to the police station.

There is also no evidence to support the conclusion that a reasonable person in the shoes of plaintiff and her daughter would not have felt free to leave once they were at the police station. While they were in a closed room and separated (both of which are reasonable considering they were witnesses to the incident), the undisputed evidence is that the doors were not locked, they never asked to leave, and they were in communication with each other. While plaintiff attempts to bolster her case by pointing to the delay in completing her interview, such delay alone would not convert an otherwise voluntary encounter into a seizure. Especially as the delay was the result of the need to obtain an interpreter and plaintiff's insistence on having the written statement retyped several times.

Even if the transportation to the police station and the interview could be considered a seizures, such temporary detention would be reasonable considering the need to conduct interviews of the material witnesses in a location removed from the emotionally charged atmosphere of the home or the hospital. Conducting the interviews at the police station under the circumstances was completely reasonable.

Because no seizure occurred, and that if it did it was reasonable, the court grants summary judgment on this claim in favor of defendants and denies plaintiff's motion for partial summary judgment.

That leaves plaintiff's First Amendment claim of a denial of access to the courts. Individuals have the right to pursue legal redress for claims which have a reasonable basis in law and fact. Vasquez v. Hernandez, 60 F. 3d 325, 328 (7th Cir. 1995). An effort by state actors to impede an individual's access to the court may provide the basis for a §1983 claim. Vasquez, 60 F. 3d at 328. When police officers conceal or obscure important facts about a crime from its victims, they render the right to court access meaningless. Vasquez, 60 F. 3d at 328.

In this case, plaintiff contends that the written statements of her and her daughter omit facts which would show Peraza used excessive force and that defendants did so in an effort to prevent her from effectively filing a lawsuit. The court has examined the statements and finds them alone insufficient to support plaintiff's conclusory claim in this regard. Nor has plaintiff shown that her access to the courts has been impeded in any meaningful way. There is no evidence that plaintiff has been prevented from pursuing a tort action or that the value of such action has been reduced. See Vasquez, 60 F. 3d at 329. Therefore, defendants are entitled to summary judgment on this claim as well.

For the foregoing reasons, the court denies plaintiff's motion for partial summary judgment and grants defendants' motion for summary judgment as to all claims.